EMILIO VÁZQUEZ, demandante y apelado, *v.* JESÚS ORTIZ GÓMEZ, demandado y apelante.

No. 3949.—*Visto:* Noviembre 24, 1926. *Resuelto:* Diciembre 15, 1926.

INJUNCTION—MATERIAS OBJETO DE PROTECCIÓN Y REMEDIO—BIENES, TRASPASOS Y GRAVÁMENES—INJUNCTION PARA RECOBRAR LA POSESIÓN—PROCEDENCIA DEL

REMEDIO.—Cuando, según los términos del contrato de arrendamiento la falta de pago del canon da derecho al arrendador a reclamar la entrega inmediata del inmueble y aparece que el arrendatario hace saber al arrendador que disponga del edificio en la fecha indicada por aquél y éste no muestra resistencia o protesta para entregar la llave y la entrega, no procede el remedio solicitado.

SENTENCIA de *R. H. Todd, Jr.*, J. (Ponce), declarando con lugar la demanda de *injunction,* con costas. *Revocada.*

*Sergio León,* abogado del apelante; *Felipe Colón Díaz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una demanda de *injunction* para recobrar el demandante la posesión de un edificio destinado a cine y que le había cedido en arrendamiento el demandado. El contrato era por el término de un año, empezando el 28 de marzo de 1925. Se estipulaba como canon de arrendamiento a razón de $120 mensuales pagaderos por adelantado durante los diez días primeros de cada mes, conviniéndose además que vencido el décimo día y no satisfecho el arrendamiento el arrendatario renunciaba por completo al resto del término y quedaba rescindido totalmente el contrato, pudiendo el arrendador reclamar la entrega inmediata del edificio, negocio y pertenencias arrendados, etc. Cláusula 2 del contrato.

El demandante pagó las dos primeras mensualidades de abril y mayo, pero había dejado de satisfacer las correspondientes a los meses subsiguientes, incluso septiembre de 1925.

El demandante alegó que en 5 de octubre de 1925 fué despojado por el demandado de la posesión del edificio arrendado, porque contra su voluntad se apoderó de las llaves y trancó el mismo, tomando así su posesión de una manera arbitraria e ilegal. El demandado negó esta alegación y contestó sustancialmente que el demandante no habiendo pagado los cánones de arrendamiento que estaban vencidos,

entregó voluntariamente el edificio al demandado, tomando éste la posesión material en forma pacífica y amistosa.

La corte inferior sostuvo al demandante y en su opinión, después de analizar la prueba, la resume diciendo:

"La prueba en este caso ha sido muy contradictoria, existiendo un verdadero conflicto de evidencia. La Corte no tiene duda alguna de que los testigos de una parte u otra parte faltaron a la verdad al relatar lo ocurrido el día 5 de octubre a las ocho de la mañana en el cine Bélgica; pero toca a la corte resolver ese conflicto de evidencia y es de opinión que debe hacerlo a favor de la prueba del demandante, toda vez que es lógico llegar a la conclusión de que los testigos del demandado, uno su socio, todos los demás empleados suyos (operador de la máquina cinematográfica, músico, etc.) tienen un interés directo en favorecer al demandado. Ocurrió, además, cierto incidente en el cuarto de testigos, del cual la corte dió cuenta al fiscal el día de la vista para la acción procedente, que induce a la corte a no dar mucho crédito al testimonio del testigo Leoncio Rodríguez, socio del demandado."

Este incidente que refiere el juez inferior no formó parte de la prueba. Fué materia enteramente extraña al récord y el demandado tenía derecho a intervenir en los hechos del mismo para determinar su influencia en el caso. No se le puso en condiciones de que pudiese destruir el prejuicio que aparece que produjo dicho incidente en la mente del juez inferior. Bajo las circunstancias concurrentes de este caso, esto por sí solo sería motivo suficiente para la revocación, ya que el testigo Leoncio Rodríguez fué quien recomendó la persona del demandante al demandado para que éste llevara a cabo el contrato y a quien se quejó el demandado de no estar cumpliendo el demandante con el pago de los arrendamientos. Pero el error en la estimación de la prueba va más al fondo en otro extremo de la evidencia. Dos días antes del llamado despojo de que se queja el demandante, éste escribió al demandado la siguiente carta:

"Oct. 3 de 1925.—Sr. Jesús Ortiz Gómez, Guayanilla, P. R.— Apreciado don Jesús: La presente tiene el objeto de manifestarle que fuí informado por Leoncio que usted necesitaba el Teatro para

el Lunes, como quiera que yo tengo una deuda con usted y deseo lo más pronto posible pagarla, espero que usted tome esto en consideración para que me brinde la última oportunidad para poder cumplir.

"Como usted comprenderá desde este mes es que se empieza hacer negocio en el Teatro y yo creo poder pagar la mensualidad y abonar algo a lo atrazado.

"Pero si es que usted desea el teatro para trabajarlo como él me manifestó, usted sabe que es suyo y que yo no puedo negarme a lo que usted disponga, pero creo que usted debe darme la última oportunidad, para que entonces usted diga si es que trato de cumplirle o de engañarlo.

"Esperando que usted resuelva sobre esto quedo de usted como siempre affmo. amigo y S. S. (f.) Emilio Vázquez."

El juez inferior apreció el valor probatorio de esta carta diciendo que su objeto principal fué de solicitar el demandante una prórroga al demandado para pagarle los cánones que le adeudaba. De modo que se tomó en consideración en un solo extremo y no en su conjunto interpretada a la luz de los términos del contrato. En la carta el demandante empieza haciendo constar que fué informado que el demandado necesitaba el teatro para el lunes, o sea, el día en que aparece tomando la posesión del edificio. Reconoce que ha faltado al pago de los cánones de arrendamiento y si bien pide una última oportunidad para continuar y cumplir el contrato, expresa al mismo tiempo clara y francamente que si el demandado deseaba el teatro para trabajarlo podía así disponerlo. Esta invitación implícita del demandante estaba de acuerdo con el contrato. La falta de pagar un solo arrendamiento dentro de los primeros diez días del mes daba lugar a la rescisión y entrega inmediata del edificio al demandado. Eran tres mensualidades las que había dejado decaer el demandante. No es que el demandado a pesar de la situación creada por el demandante pudiera tomar la posesión del edificio contra la voluntad del último y hacerse justicia por su mano, pero la actuación del demandante da base para presumir lógicamente que el demandado

no tenía que recurrir a pretextos o subterfugios para recobrar la posesión del edificio arrendado. El demandante estaba avisado de que el demandado iba a tomar posesión material del edificio en la fecha indicada en la carta de octubre 3, 1925. A sabiendas de que tal era su objeto, el demandante no aparece que mostrara ninguna clase de resistencia o protesta para entregar las llaves del edificio. El tenía suficiente aviso para que si él hubiera cambiado de actitud ése era el momento propicio para negarse a la entrega de las llaves. Lo demás que ocurrió en cuanto a que el demandado trancara el edificio y retuviera las llaves en su poder, era la consecuencia natural de la tradición simbólica que representó el acto de la entrega de las llaves y de las que voluntariamente se desprendió el demandante pasando al poder del demandado.

*Por todo lo expuesto, debe revocarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.